AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 28 2016
ARTHUR JOHNSTON
BY _____ DEPUTY

| United States of America | ) |
| v. | ) |
|  | ) Case No. 1:16mj50-JCG |
| Destin Dominique Johnson | ) |
|  | ) |
|  | ) |
| *Defendant(s)* |  |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 27, 2016__ in the county of __Harrison__ in the __Southern__ District of __MS, Southern Division__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in Possession of a Firearm. |

This criminal complaint is based on these facts:
See affidavit attached hereto and incorporated herein

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Michael Parten Special Agent/ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 06/28/2016

_____
*Judge's signature*

City and state:   Gulfport, MS

John C. Gargiulo, U.S. Magistrate Judge
*Printed name and title*

## Affidavit for Criminal Complaint

I, Michael Parten, being duly sworn and deposed, state the following:

I have been employed since 2005 as a Special Agent (SA) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have obtained a Bachelor's Degree in Criminal Justice. I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator Training Program and the ATF Special Agent Basic Training. As an ATF Agent, I am empowered to investigate violations of Federal Firearms, Arson and Explosive Laws.

During my tenure with ATF I have been involved in various degrees and capacities with numerous investigations. The investigations involved the illegal possession of firearms by convicted felons, the possession and use of firearms by narcotics traffickers/gang members, illegal sale or possession of machineguns and short-barrel shotguns or rifles, arsons of structures which affect interstate commerce, and the manufacture, possession or use of illegal explosive devices. A number of these investigations have included conspiratorial relationships between multiple defendants and generally involved a series or pattern of criminal activities or multiple criminal schemes.

I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with other law enforcement agents and sources and upon my examination of various reports, evidence and other records. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support issuing a criminal complaint, it does not include all the facts that have been learned during the course of this investigation.

Based upon my own personal knowledge and information I received from various law enforcement sources that include but are not limited to the Mississippi Bureau of Narcotics, I am aware of the following facts:

1. Destin Dominique JOHNSON was convicted of the felony of mayhem in Hancock County MS Circuit Court Cause Number B2301-13-0089.

2. On June 23, 2016, ATF Confidential Informant 10046 (hereafter referred to as CI) contacted ATF SA Parten and advised that Rayfield VAUGHN, aka Simon had come to his house and informed the CI that he had a Mac 11 pistol for sale.

3. SA Parten requested that the CI get VAUGHN to give him a price on the Mac 11 pistol and to also see if VAUGHN had cocaine based products for sale.

4. On June 25, 2016, the CI forwarded photographs of narcotics sent to him by VAUGHN. The photos implied VAUGHN had these narcotic products available for sale. A Google search of these images revealed they were copied from the internet and that these products would not be made available for sale to the CI by VAUGHN. The CI set up a gun buy for the Mac 11 pistol for Monday, June 27, 2016. The price for the gun was set at $400.00.

5. On June 27, 2016, the CI informed SA Parten that VAUGHN was now making a .40 caliber pistol available for sale with the Mac 11 pistol. The CI stated he would buy both firearms. Later on this same day the CI met with SA Parten and ATF Resident Agent in Charge (RAC) Jason Denham and placed a recorded phone call to VAUGHN. During this recorded phone call VAUGHN agreed to sell the CI the Mac 11 pistol for $400.00, a .40 caliber pistol for 200.00 and a portion of cocaine product for 100.00.

6. Later on June 27, 2016, the CI went to a pre-arranged location. Soon after the CI arrived, VAUGHN arrived in a white Saturn VUE sports utility vehicle. JOHNSON was sitting in the passenger seat. On arrival of VAUGHN and JOHNSON, VAUGHN had the CI move his vehicle to a tree line located on the gas station property. JOHNSON got into the passenger side rear seat of the white Saturn VUE while the CI stood in the front passenger side door area. After talking for a moment, JOHNSON stood up and instructed the CI to give it up. JOHNSON was holding the CI at gunpoint and demanded the CI's money. The CI told JOHNSON the money was in the side door compartment of the CI's vehicle. JOHNSON went to the door, took the money, told the CI to get out of his way and got back in the white Saturn VUE with VAUGHN and left.

7. After consulting with the CI, agents were informed that both VAUGHN and JOHNSON were involved in the taking of the ATF buy money. Agents followed the white Saturn VUE occupied by VAUGHN and JOHNSON as they exited Firetower Rd onto the West bound lane of interstate 10. Agents made contact with the Harrison County Sheriff's Office (HCSO) and arranged for a HCSO patrol deputy to conduct a stop on Henderson Rd in Pass Christian, MS. VAUGHN immediately pulled over and both VAUGHN and JOHNSON surrendered to deputies and agents immediately. Recovered from the vehicle and from JOHNSON was the ATF buy money taken from the CI. Once in custody, JOHNSON was advised of his Miranda Rights, expressed understanding of them and agreed to waive them while he spoke with agents. JOHNSON stated that he has previously been convicted of the felony crime of mayhem. JOHNSON also stated he and VAUGHN arrived at the gas station with the sole purpose of robbing the CI of the money brought to purchase firearms and narcotics. JOHNSON stated to agents that as soon as they exited Firetower Rd onto West bound Interstate 10 they observed agents following them and they threw out the firearm used to rob the CI. A Smith and Wesson, model SW380, .380 caliber pistol, SN: RAH8735, with a magazine loaded with .380 caliber ammunition was found in the location JOHNSON described as being where he threw the firearm he used to rob the CI.

8. Pursuant to Title 18 U.S.C. 922(g)(1), it is unlawful for any person to receive, possess, conceal, store, barter, sell or dispose of any stolen firearm that has been shipped or transported in interstate or foreign commerce, knowing or having reasonable cause to believe it was stolen.

9. On June 27, 2016 ATF SA Shane Lynes examined the Smith and Wesson, Model Sigma SW380, .380 caliber pistol, Serial Number RAH8735. Based upon his training and experience the above mentioned Smith and Wesson, Model Sigma SW380 pistol is a firearm and is not manufactured in the State of Mississippi. Therefore, this firearm would have moved in or affected interstate commerce to now be physically located in Mississippi.

Based on the foregoing facts and circumstances, your affiant believes probable cause exists to believe that Destin Dominique JOHNSON did possess a firearm on June 27, 2016 at a time that he had previously been convicted of a felony, in violation of Title 18, U.S.C., § 922(g)(1).

_____
Michael Parten
Special Agent, US Department of Justice
Alcohol, Tobacco, Firearms & Explosives

Sworn and subscribed before me this ____ June 28, 2016.

_____
United States Magistrate Judge